UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LORI STEVENS,<br><br>               Plaintiff,<br>v.<br><br>BRIGHAM YOUNG UNIVERSITY-IDAHO d/b/a/ BYU-Idaho, a Utah corporation, and SUSAN STOKES, personal representative of the Estate of Stephen Stokes,<br><br>               Defendants. | Case No.: 4:16-cv-00530-DCN<br><br>**MEMORANDUM DECISION** |

## BACKGROUND

On July 13, 2018, the Court held a telephonic status conference to bring to the parties' attention a potential conflict of interest concerning Judge Nye's law clerks, Bennett Briggs and Jameson Rammell.[1] The Court informed the parties that, from the time this case was transferred to Judge Nye on August 2, 2017, the Court had taken appropriate steps to restrict Briggs' access to this case and to restrict Briggs' performance of official duties in this case. This was due to Briggs' familiarity with the decedent Stephen Stokes and his family, as well as Briggs' attendance years ago at BYU-I.[2] Judge Nye's other law clerk, Colleen Smith, has been involved in this case since the time the case was transferred to Judge Nye. Smith's term as a law clerk for Judge Nye expires on

---

[1] The status conference was held with the judge in the courtroom along with a clerk of the court. The conference was audio recorded and preserved for the record.
[2] Stokes and/or his estate are no longer parties to this case in that the issues against Stokes were settled on or about February 9, 2018. Dkt. 44.

MEMORANDUM DECISION - 1

August 3, 2018. Rammell will begin his term as law clerk on that date. After Rammell was hired by Judge Nye, during a brief meeting when Judge Nye and Rammell were discussing pending cases and potential conflicts, the Court discovered that Rammell has an even closer connection to the parties and witnesses in this case than Briggs has. This connection includes the fact that Rammell's brother is a key witness in the litigation. All of this was disclosed by the Court in the telephonic status conference and the Court proffered five options that might resolve the conflict situation. The Court gave the attorneys time to discuss the situation with their clients and to submit written responses to Court's five proposed options. All parties have submitted written responses and/or objections and this matter is ripe for decision.

## **DISCUSSION**

The decision whether to disqualify a judge can only be reversed for an abuse of discretion. *Hamid v. Price Waterhouse,* 51 F.3d 1411, 1413 (9th Cir. 1995); *Thomassen v. United States,* 835 F.2d 727, 732 (9th Cir. 1987). It is a decision that must be made by the sitting judge and cannot be referred to another judge. *United States v. Sibla,* 624 F.2d 864, 867-68 (9th Cir. 1980); *Stoller v. Bank of N.Y. Mellon Trust Co.,* 2011 WL 4465337, *4 (D. Az. 2011) (unpublished).

> Cannon 3(C)(1) of the Code of Conduct for United States Judges states:
>
> A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:
>
> (a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

. . . .[3]

The list in Canon 3(C)(1) is not meant to be exhaustive; however, it is also not meant to exclude a judge when a law clerk has a conflict of interest. This is clear because of Canon 3(F) of the Code of Conduct for Judicial Employees, which states:

> (1) A judicial employee should avoid conflicts of interest in the performance of official duties. A conflict of interest arises when a judicial employee knows that he . . . might be so personally or financially affected by the matter that a reasonable person with knowledge of the relevant facts would question the judicial employee's ability properly to perform official duties in an impartial manner.
>
> (2) Certain judicial employees, because of their relationship to a judge or the nature of their duties, are subject to the following additional restrictions:
>
>> (a) A staff attorney or law clerk should not perform any official duties in any matter with respect to which such staff attorney or law clerk knows that:
>>
>>> (i) he or she has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>>>
>>> . . . .[4]
>
> (3) When a judicial employee knows that a conflict of interest may be presented, the judicial employee should promptly inform his or her appointing authority. The appointing authority, after determining that a conflict or the appearance of a conflict of interest exists, should take appropriate steps to restrict the judicial employee's performance of official duties in such matter so as to avoid a conflict or appearance of a conflict of interest. A judicial employee should observe any restrictions imposed by his or her appointing authority in this regard.

---

[3] The remaining subsections (b) to (e) have no bearing here.
[4] The remaining subsections of Canon 3(F)(2) have no bearing here.

Nothing in either of these Codes of Conduct require the judge to disqualify himself or herself due to a law clerk's or staff attorney's conflict of interest. Instead, the judge is to take appropriate steps to restrict the law clerk's or staff attorney's performance of official duties in the case. That is exactly what happened with Briggs and what will happen with Rammell.

Stevens points the Court to Canon 2 of the Code of Conduct for United States Judges and argues that the undersigned should disqualify himself because of the law clerks' conflicts of interest. Canon 2 has three provisions, (A) Respect for Law; (B) Outside Influence; and (C) Nondiscriminatory Membership. Provisions (B) and (C) have no application and will not be discussed. Provision (A) states that a judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary. The commentary to that provision makes it clear that the provision is intended to regulate impropriety or irresponsible conduct by judges. There can be nothing improper or irresponsible when a judge complies with the Codes of Conduct and screens the law clerks who have a conflict of interest from the case. Following the Code of Conduct is not improper or irresponsible.

After having considered the respective positions of the parties, particularly in light of the options suggested by the Court, this Court will continue to preside over this case. Both Briggs and Rammell will be screened from the case and will not be involved with it. Instead, the Court will "borrow" another federal law clerk from another judge to use in this case.

The issues raised by Plaintiff, while understandable, do not alter this decision. Stevens' feelings of being overwhelmed against powerful institutional opponents may be real, but it is not the standard. The test is an objective one based upon the reasonable person, not a subjective one based upon the feelings of the party. Plaintiff's concerns regarding the informal discovery dispute process is not well founded. Law Clerk Smith held discovery conferences almost from the first day she started clerking in this Court. Any "borrowed" law clerk will quickly get up to speed on the process and will be able to work with Judge Nye to minimize any delay caused by a new law clerk becoming involved. The Court notes that Plaintiff has not cited a single case where a judge was disqualified because of the conflicts of a law clerk. Judicial economy and Rule 1 of the Federal Rules of Civil Procedure weigh in favor of the option chosen by the Court.

Law clerk recusal is a well-established practice utilized to "ensur[e] both the reality and appearance of impartiality." *First Interstate Bank of Arizona, N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 988 (9th Cir. 2000) ("[J]udges (and their law clerks) are presumed to be impartial and to discharge their ethical duties faithfully so as to avoid the appearance of impropriety. . . . [I]t is not foreseeable that hiring a law clerk will result in recusal.").

## **CONCLUSION**

Having identified the potential conflicts of the chamber's law clerks, and having considered the positions of the parties, the Court will take appropriate steps to restrict the law clerks' (Briggs and Rammell) performance of official duties in this matter so as to avoid a conflict or appearance of a conflict of interest. Additionally, as has been done to

date with Briggs, the Court will exclude Rammell from any discussion of any nature regarding this case. Finally, within a week from the date of this order, the Court will locate a law clerk from another judge's chambers to assist with this case and will inform the attorneys of the name and contact information for that law clerk.

DATED: August 7, 2018

                                                               
David C. Nye
U.S. District Court Judge