UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LORI STEVENS,<br><br>        Plaintiff,<br><br>v.<br><br>BRIGHAM YOUNG UNIVERSITY-IDAHO d/b/a BYU-Idaho, a Utah Corporation,<br><br>        Defendant,<br><br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS,<br><br>        Intervener. | Case No.: 4:16-cv-00530-DCN<br><br>**ORDER RE:**<br>**(1) STEVENS'S MOTION TO HOLD TAMI STAPLES AKA TAMI LABRUM IN CONTEMPT;**<br>**(2) BYU-I'S MOTION TO COMPEL DISCOVERY RESPONSES FOR MEDICAL RECORDS;**<br>**(3) STEVENS'S MOTION TO COMPEL DISCOVERY RESPONSES FOR TITLE IX RECORDS** |

The matter comes before the Court on three separate motions: (1) Lori Stevens's Motion to Hold Tami Staples AKA Tami Labrum in Contempt (Dkt. 90.); (2) Brigham Young University-Idaho's ("BYU-I") Motion to Compel Discovery Responses for Medical Records (Dkt. 100.); and (3) Stevens's Motion to Compel Discovery Responses for Title IX Records (Dkt. 101). Having reviewed the record and arguments made at the

ORDER - 1

October 22, 2018 hearing, the Court (1) denies Stevens's contempt motion as moot; (2) grants, in part, BYU-I's motion to compel; and (3) grants, in part, Stevens's motion to compel. The Court addresses each of these issues in turn.

1. **Stevens's Motion to Hold Tami Staples in Contempt**

Stevens's counsel represented to the Court that Stevens's motion is moot. Stevens is resolving the issue with Ms. Staples through the United States District Court for Western District of Washington. Therefore, the Court denies the motion (Dkt. 90) as moot. Stevens may refile the motion at a later date, if necessary.

2. **BYU-I's Motion to Compel**

BYU-I filed a motion to compel discovery with regard to Interrogatory Nos. 34 and 41 and Request for Production No. 55. During oral argument, BYU-I represented that the main issue in this motion to compel was whether Stevens had disclosed all of her medical providers and corresponding documents. BYU-I's counsel stated that this issue could be resolved if Stevens provided a list of her medical providers.[1] Stevens's counsel agreed to provide a list of Stevens's known medical providers. With these concessions and because Stevens is generally in the best position to identify her medical providers,

---

[1] BYU-I's Interrogatory No. 41 limits its request to "any and all mental health care providers," whereas Interrogatory No. 34 does not limit the request to mental health care providers. Although this discrepancy was not addressed by the parties, the Court orders that Stevens shall provide the names of any and all medical providers that diagnosed or treated Stevens's mental or emotional condition.

ORDER - 2

BYU-I's motion is granted, in part.[2]  Stevens is ordered to produce a list of all known medical providers that have diagnosed or treated her for any mental or emotion condition she put at issue in this case.  Stevens shall also produce any corresponding documents, which have not already been obtained by or produced to BYU-I.

3. **Stevens's Motion to Compel**

Stevens filed a motion to compel discovery with regard to Interrogatory Nos. 17 and 18 and Request for Production No. 17.  In Stevens's Title IX claim, she is required to prove that BYU-I's response to Stevens's discrimination claim amounted to deliberative indifference to that discrimination.  Stevens represented to the Court that BYU-I does not have a standard policy for misconduct between a faculty member and a student.  Although BYU-I's policy generally requires that sexual misconduct must be reported to the Title IX Coordinator, this policy is not always applied.  BYU-I did not contest this assertion.  Absent a lack of a consistent policy on how faculty-student misconduct is reported and investigated, Stevens cannot simply depose BYU-I's Title IX employees and compare the actions taken by BYU-I in Stevens's particular case against BYU-I's policies and Title IX's requirements to prove deliberate indifference on this occasion. *Cf. Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 292 (1998) (noting that the

---

[2] BYU-I's motion to compel also requested dates of diagnosis, detailed information on her conditions, and treatment she has received.  BYU-I did not renew this request at oral argument.  To the extent that BYU-I still seeks this information, it is denied.  The information can be found in the medical records.  Because Stevens has been seeking medical care for these conditions for over 20 years, the burden of ascertaining this information is substantially the same for either party.

defendant's failure to comply with regulations does not establish deliberate indifference). Stevens must establish that BYU-I's response "amount[ed] to deliberate indifference." *Id.* at 290. This standard requires that Stevens prove BYU-I's "response to the harassment [was] clearly unreasonable in light of the known circumstances." *Davis Next Friend LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 648 (1999). It is not enough if the response was merely "negligent, lazy, or careless." *See Oden v. N. Marianas Coll.*, 440 F.3d 1085, 1089 (9th Cir. 2006).

Where, as here, BYU-I asserts that (1) the allegations did not rise to a level requiring a Title IX report and (2) the Social Work Department's investigation appropriately handled the alleged misconduct, other Title IX reports are relevant in determining whether BYU-I's actions in this matter were at a minimum consistent with other similar situations. However, Stevens requested the identification of *all* reports and investigations and the production of *all* reports from BYU-I's Title IX office from January 2010 to present. (Dkt. 101, Ex. A, B.) The Court does not find that all investigations and reports of misconduct are relevant to Stevens's Title IX claim. Therefore, the Court limits discovery to those reports and investigations related to misconduct between a faculty member or employee and a student.

The Court also finds that Stevens's request for other Title IX investigations and reports (as limited by the Court) will not cause an undue burden or expense to BYU-I. Whether a request is unduly burdensome turns on the particular facts of the case, bearing in mind the request's relevance, the request's breadth, and the request's particularity. *See*

ORDER - 4

Fed. R. Civ. P. 26(b)(2), (g)(1)(B).  In response to Interrogatory Nos. 17-18, BYU-I provided evidence that from 2013-2017 there were 208 reported violations of the sexual misconduct policy.  Of those, 162 investigations were conducted.  Although these numbers do not include the period between 2010 through 2012, BYU-I has not produced any evidence that the number of incidents reported (then classified as "immoral conduct") was significantly higher.  Therefore, the Court does not believe that, in light of the relevance to Stevens's cause of action, it is overly burdensome for BYU-I to produce Title IX documents.  Further, because the Family Educational Rights and Privacy Act ("FERPA") prohibits "releasing, or providing access to, any personally identifiable information in education records" without the written consent of the student, a lawfully issued subpoena, or a judicial order, *see* 20 U.S.C. § 1232g(b)(2), BYU-I shall redact all "personally identifiable information," as defined by 34 C.F.R. § 99.3.

    **IT IS ORDERED** that: (1) Stevens's motion to hold Tami Staples in contempt filed June 14, 2018 (Dkt. 90) is **DENIED** as moot; (2) BYU-I's motion to compel medical records filed August 6, 2018 (Dkt. 100) is **GRANTED**, in part; and (3) Stevens's motion to compel Title IX reports and investigations filed August 6, 2018 (Dkt. 101) is **GRANTED**, in part.  The Court: (1) orders Stevens (a) to disclose known medical providers who diagnosed or treated Stevens for any mental or emotional condition at issue in this case in response to BYU-I's Interrogatory Nos. 34 and 41, and (b) to produce any corresponding documents that have not already been obtained or produced in response to BYU-I's Request For Production of Documents No. 55; and (2) orders BYU-

I (a) to disclose any Title IX investigation or report from January 2010 to present, which involves misconduct between a faculty member or employee and a student in response to Stevens's Interrogatory Nos. 17 and 18, and (b) to produce any reports to BYU-I's Title IX office from January 2010 to present, which involves faculty or employee misconduct with a student in response to Stevens's Request for Production of Documents No. 18.

DATED: November 1, 2018

David C. Nye
U.S. District Court Judge

ORDER - 6