IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

LORI STEVENS

    Plaintiff,

v.

BRIGHAM YOUNG UNIVERSITY – IDAHO dba BYU-Idaho, a Utah corporation and SUSAN STOKES, personal representative of the Estate of Stephan Stokes,

    Defendants.

Case No. 4:16-CV-530-BLW

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

The Court has before it a motion to intervene filed by Danielle Spencer. The motion is fully briefed and at issue. For the reasons set forth below, the Court will deny the motion.

## LITIGATION BACKGROUND

Plaintiff Lori Stevens, a former BYU-I student, alleges that Robert Stokes, a former BYU-I professor, initiated an unwanted relationship with her while she was a student and Stokes was a professor at BYU-I. Stevens alleges that this relationship ultimately became sexually and emotionally abusive. She further asserts that she, along with another student, Danielle Spencer, reported Stokes' inappropriate and abusive behavior to several BYU-I professors and officials, who failed to take any action. The

relationship ended when Stokes died on July 1, 2016, from complications during heart surgery.

Danielle Spencer, who seeks limited intervention in the motion now pending before the Court, was a friend and confidant to Stevens during the time Stevens was involved with Stokes. From the record, it now appears that she will contradict Stevens' testimony and likely be a witness for BYU-I. In response, Stevens has alleged that BYU-I offered benefits to Spencer that may have influenced her testimony. She further alleges that BYU-I's attorneys have coached Spencer and that the LDS Church has agreed to pay Spencer's legal fees in an effort to influence Spencer's testimony. The LDS Church and BYU-I vigorously deny these allegations. Stevens has brought a motion for sanctions against defense counsel based on these allegations and the Court will be holding an evidentiary hearing on the motion on November 12, 2019.

In the motion now before the Court, Danielle Spencer seeks limited intervention in this action to, in her words, "assert evidentiary privileges and protect her interests and veracity, which are directly under attack by Plaintiff's Motion for Sanctions and Discovery Abuses, which is presently pending before the Court." *See Spencer Brief (Dkt. No. 197)* (Dkt. 170). She alleges that she is entitled to intervene because Stevens has attacked her "interests and veracity, which are premised on false allegations and interpretations." *Id.* While she claims a need to protect evidentiary privileges, she does not explain why intervention is necessary to protect those privileges.

The record shows that Spencer is merely a witness. While it is true that her testimony will be inconsistent with that of Stevens, and that Stevens will attack her

**Memorandum Decision & Order – page 2**

credibility, this will occur whether Spencer intervenes or not. Spencer has not identified any interest that requires intervention to protect. For these reasons, the Court will deny the motion to intervene.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to intervene (docket no. 197) is DENIED.

DATED: November 4, 2019

_____
B. Lynn Winmill
U.S. District Court Judge