# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

LORI STEVENS

      Plaintiff,

    v.

BRIGHAM YOUNG UNIVERSITY –
IDAHO dba BYU-Idaho, a Utah corporation
and SUSAN STOKES, personal
representative of the Estate of Stephan
Stokes,

      Defendants.

Case No.  4:16-CV-530-BLW

**MEMORANDUM DECISION
AND ORDER**

The Court has before it a discovery dispute between the parties.  Plaintiff Stevens

wants to take a Rule 30(b)(6) deposition of defendant BYU-I to inquire into benefits a

crucial witness – Danielle Spencer – may have received from the University.  BYU-I

objects on the grounds that (1) the amended deposition notice was untimely as it was sent

after discovery had closed, and (2) counsel was able to question the witness BYU-I

would designate under Rule 30(b)(6) at the evidentiary hearing held on November 12,

2019.  The parties filed briefs (docket nos. 164 & 165) and held a mediation session with

the Court's Law Clerk.

The Court made clear in its prior decision (docket no. 232) that at trial, Stevens

could conduct a full inquiry into the benefits Spencer may have received in exchange for

her testimony: (1) legal fees: (2) grades; (3) deferments; and (4) free counseling.[1]  So the inquiry is relevant and discoverable.  While the amended deposition notice was late, the Court finds persuasive plaintiff's argument that she was not aware of crucial evidence until the end of the deadline and diligently filed the amended notice quickly thereafter.  Moreover, the Court finds that it constrained somewhat the questioning at the November 12, 2019 hearing and so that inquiry cannot be substituted for a full Rule 30(b)(6) deposition.

Accordingly, the Court finds that plaintiff is entitled to a Rule 30(b)(6) deposition on the Topic #10 contained in the amended deposition notice.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that plaintiff is entitled to a Rule 30(b)(6) deposition on the Topic #10 contained in the amended deposition notice.

DATED: December 19, 2019

B. Lynn Winmill
United States District Judge

---

[1] It appears that plaintiff may not pursue free counseling, but that is her choice – the Court has not taken off the table any of the four items listed above as grounds for inquiry during trial, including grades.  Even though Wray testified credibly, plaintiff is still entitled to present his testimony at trial on grades because the jury, not the Court, is the ultimate judge of credibility.  Likewise, plaintiff is entitled to inquire into the meetings between Woodard and Spencer.