UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LORI STEVENS,<br><br>Plaintiff,<br><br>v.<br><br>BRIGHAM YOUNG UNIVERSITY - IDAHO, dba BYU-Idaho,<br><br>Defendant. | Case No. 4:16-cv-00530-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff's Motion to Reconsider (Dkt. 263). Plaintiff seeks to have the Court reconsider its decision denying Plaintiff's motion to disqualify the law firm Kirton McConkie from representing defendant, Brigham Young University – Idaho (BYU-I). For the reasons discussed below, the Court denies the motion.

## LEGAL STANDARD

Motions for reconsideration are requests for an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). The high bar that movants

MEMORANDUM DECISION AND ORDER - 1

must overcome to prevail on a motion for reconsideration reflects the courts' "concerns for preserving dwindling resources and promoting judicial efficiency." *Costello v. United States Gov't*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991). As a result, the moving party must demonstrate that reconsideration is warranted based on one of four limited grounds: (1) to correct manifest errors of law or fact; (2) to consider newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) to consider an intervening change in the law. *See Turner v. Burlington North. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

A motion for reconsideration is not intended to provide litigants with a "second bite at the apple." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). Thus, the "motion may not be used to raise arguments or present evidence for the first time [that] could reasonably have been raised earlier in the litigation," *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), nor is it an opportunity to reargue the moving parties' positions, *see Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (finding no abuse of discretion where the district court denied a motion to reconsider the judgment based on the same arguments made in the original motion).

## ANALYSIS[1]

Plaintiff argues that the Court should reconsider its decision denying her request to disqualify the law firm Kirton McConkie from representing BYU-I because the Court committed clear error in deciding that the term "affected client" in Rule 1.7(b)(4) of the Idaho Rules of Professional Conduct does not include Plaintiff.

In denying the motion to disqualify, the Court thoroughly considered the arguments raised by the parties in support of their respective positions, including Plaintiff's argument that her consent was required under Rule 1.7. After considering the parties' arguments, and analyzing the issue, the Court determined that Plaintiff's permission was not required under Rule 1.7. The Court exercised its discretion in denying the motion to disqualify and imposed conditions, precautions, and safeguards to protect the privileged information in the possession of Kirton McConkie.

Plaintiff's counsel disagrees with the Court's determination that her permission is not required under Rule 1.7. In support, she makes the same

---

[1] Because the background of this case has been fully set forth in the Court's previous Memorandum Decision and Order, entered April 23, 2021 (Dkt. 262), the Court will not repeat that background here but will instead turn directly to the merits of the pending motion.

arguments she made previously in support of her motion to disqualify, as well as additional arguments she could and should have made previously. Her arguments do not raise newly discovered or previously unavailable evidence, nor do they raise an intervening change in the law, convince the Court that it clearly erred, or demonstrate that the Court's decision results in manifest injustice. Accordingly, Plaintiff has not met her burden of demonstrating that reconsideration is warranted.

## ORDER

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. 263) is **DENIED**.

DATED: July 19, 2021

_____
B. Lynn Winmill
U.S. District Court Judge